IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES STROUSE, #15976-078, <br> JOHN DOES #1-200, <br> <br>       Plaintiff, <br> <br> vs. <br> <br> USP-MARION WARDEN, <br> JOHN DOE 1, and <br> JOHN DOE 2, <br> <br>       Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> )  Case No. 20-cv-381-JPG <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

  Plaintiff James Strouse, an inmate in the custody of the Federal Bureau of Prisons ("BOP") who is currently incarcerated at the United States Penitentiary located in Marion, Illinois ("USP-Marion"), commenced this action by filing a Motion for Temporary Restraining Order ("TRO") and/or Preliminary Injunction (Doc. 1) and a Motion for Leave to Proceed *in forma pauperis* ("IFP Motion") (Doc. 2). He did not file a Complaint. Because Plaintiff seeks immediate relief, the Court will take up this matter without delay. *See Wheeler v. Wexford Health Sources, Inc*., 689 F.3d 680 (7th Cir. 2012). For the reasons set forth herein, Plaintiff's request for a TRO and/or preliminary injunction shall be denied. If he wishes to proceed any further with his claims, Plaintiff must prepare and file a Complaint.

## Motion for TRO and/or Preliminary Injunction

  Plaintiff seeks a TRO and/or Preliminary Injunction ordering USP-Marion's Warden, John Doe 1, and John Doe 2 to provide him with: (1) a hearing on incident reports issued March 3, 2020 and March 12, 2020; (2) a receipt for property taken on March 2, 2020;

1

(3) deodorant, soap, and shampoo for purchase in the prison commissary; (4) newspaper publications; (5) legal paperwork; (6) prescription eyeglasses; and (7) extra grievance forms.

In the Motion, Plaintiff explains that he was placed in USP-Marion's Special Housing Unit (SHU) after writing a letter to a prison official who called him a "CHOMO" (child molestor) in February 2020. Plaintiff's letter was deemed threatening, and he was issued a disciplinary report on March 3, 2020.[1] No disciplinary hearing was conducted on this report. Plaintiff's attempt to resolve the matter informally using the prison's grievance process was unsuccessful.

Plaintiff eventually communicated with his sister about filing a lawsuit to address the matter. When an officer learned of his plans, Plaintiff received a second disciplinary ticket on March 12, 2020. He was threatened with additional tickets for any further attempts to file suit against USP-Marion officials. To date, no disciplinary hearing has been held on either ticket.

Prison officials have recently begun transferring inmates from the SHU back into the general population and placing them on lockdown because of coronavirus. However, Plaintiff believes he is ineligible for transfer because he remains in administrative segregation pending a hearing on his two incident reports. Although USP-Marion has not suspended disciplinary hearings, Plaintiff has not been scheduled for one.

He requests a hearing on both tickets. He also complains about the denial of access to personal property that was confiscated from his cell on March 2, 2020 (including his eyeglasses), certain hygiene items that are unavailable for purchase in the prison's commissary, legal paperwork, and extra grievance forms.

---

[1] Plaintiff claims that he wrote the letter to clarify that his underlying convictions are for threatening public officials and not child molestation.

**Discussion**

The same legal framework is used to determine whether a temporary restraining order[2] or a preliminary injunction[3] is warranted. A plaintiff must establish that: (1) his underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) he will suffer irreparable harm without the relief. *Merritte v. Kessel*, 561 F. App'x 546, 548 (7th Cir. 2014) (citing *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007)). If those three factors are shown, the court then must balance the harm to each party and to the public interest from granting or denying the injunction. *See id.* (citations omitted); *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted). *See also Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013); *Woods*, 496 F.3d at 622; *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999).

The Court cannot determine whether Plaintiff's underlying case has any likelihood of success on the merits because he filed no complaint, and his motion lacks information necessary to evaluate his claims. Without a complaint, the Court cannot ascertain the basis for jurisdiction. *Bell v. Hood*, 327 US. 678, 681-82 (1946); *Greater Chicago Combine & Ctr., Inc. v. City of Chicago*, 431 F.3d 1065, 1069-70 (7th Cir. 2005). The Court also cannot determine what causes of action Plaintiff intends to assert against the defendants. The Federal Rules of Civil Procedure provide that "[a] civil action is commenced by filing a complaint with the court." FED. R. CIV. P. 3. This is "the first step in the action." *Id.*, Advisory Committee Notes, 1937 Adoption. Plaintiff's decision to skip this step is fatal to his motion.

---

[2] A TRO is an order issued without notice to the party to be enjoined, and it may last for no more than fourteen days. *See* FED. R. CIV. P. 65(b)(2). The Court may not issue a TRO unless "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."

[3] In contrast, a preliminary injunction may only issue after the adverse party is given notice and an opportunity to oppose the motion. *See* FED. R. CIV. P. 65(a)(1).

Plaintiff has also failed to demonstrate that he has no adequate remedy at law. Although he indicates that the internal grievance process was unsuccessful, Plaintiff provides no details about the steps he took to resolve his grievances. The Court cannot find that there is no other adequate remedy at law than an injunction.

Further, Plaintiff utterly fails to suggest that he will suffer irreparable harm without a TRO or preliminary injunction. He mentions changes to his housing because of coronavirus, but he focuses more on a rash developing in his armpits because he cannot buy his preferred brand of deodorant at the prison commissary. The motion fails to establish that any harm, beyond an itchy rash, will befall Plaintiff if interim injunctive relief is denied.

Because the motion satisfies none of the requirements for interim injunctive relief, Plaintiff's request for a TRO and preliminary injunction shall be **DENIED**.

## Disposition

**IT IS ORDERED** that Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction (Doc. 1) is **DENIED** without prejudice.

**IT IS ORDERED** that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 2) will be addressed in a separate court order.

**IT IS ORDERED** that on or before **May 27, 2020**, Plaintiff must file a Complaint, if he wishes to proceed any further with this action. He is strongly encouraged to use the Court's standard civil rights complaint form to prepare the pleading. Failure to comply with this order by the deadline and instructions set forth herein shall result in dismissal of this action for failure to comply with a court order and/or failure to prosecute the action. *See* FED. R. CIV. P. 41(b).

Plaintiff is reminded that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Plaintiff should

name each defendant in the case caption and set forth allegations in the statement of claim describing what each defendant did or did not do that violated his constitutional rights. He must clearly identify which claim(s) he is bringing against each defendant. To the extent possible, Plaintiff should set forth his allegations in chronological order.

The Clerk is **DIRECTED** to send Plaintiff a standard Civil Rights Complaint form and instructions for a person in custody, along with this Order.

Finally, Plaintiff is advised that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing not later than seven (7) days after a transfer or other change in address occurs. Failure to notify the Court of any change in Plaintiff's address will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  April 29, 2020**

<u>s/J. Phil Gilbert</u>
**J. PHIL GILBERT**
**United States District Court**